**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff/Respondent,** | ) |
| | ) |
| v. | ) Criminal Action No.  90-143 (TFH) |
| | ) |
| **BILLY RAY SMITH,** | ) |
| | ) |
| **Defendant/Movant.** | ) |

### MEMORANDUM OPINION

Defendant has filed two motion to vacate, set aside, or correct sentence pursuant to 28  U.S.C. § 2255.  On June 4, 1990, defendant was convicted of distribution of cocaine base.  Prior to  sentencing, the Court denied defendant's two motions for a new trial.  On February 18, 1992, the Court sentenced defendant to 240 months imprisonment and three years of supervised release.

After filing his notice of appeal to the Court of Appeals for the District of Columbia Circuit, defendant submitted a "Memorandum" on October 29, 1992 with this Court alleging that the police officers who arrested him had actually been engaged in the arrest of another individual in a different location at the same time of defendant's arrest.  Defendant also requested the production of police records to support his claim.   The Court denied this request on November 5, 1992.   Defendant's third motion for a new trial, filed June 7, 1993, was denied by the Court on May 31, 1994.

On July 5, 1996, defendant's conviction was affirmed by the Court of Appeals in *United States v. Smith*, 1996 WL 397489 (D.C. Cir. July 5, 1996).   Defendant filed his

first motion pursuant to 28 U.S.C. § 2255 on December 31, 1997.[1]  In this motion, defendant raises the following grounds for relief: (1) the indictment was improperly amended because it contained references to heroin and cocaine when he was only convicted of distributing cocaine; (2) grand jury testimony by the government's drug expert was improper; (3) counsel was ineffective in failing to object to the amendment of the indictment and the expert testimony; (4) the prosecutor and trial judge "manipulated [the] faulty indictment"; and (5) the police and prosecutor conspired to falsely convict him.

Defendant's claims regarding the grand jury testimony, ineffective assistance of counsel, and police officer misconduct were raised on direct appeal and rejected by the appeals court.  *See Smith*, *supra*.  Claims that have already been decided on direct review cannot be relitigated in a subsequent § 2255 motion.  *United States v. Greene*, 834 F.2d 1067, 1070 (D.C. Cir. 1987).   Therefore, the Court will not address these claims.

As to the claims defendant did not raise on appeal, they are procedurally barred from collateral review unless defendant can demonstrate cause for not asserting the claims on appeal and prejudice resulting from that failure, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Dale*, 140 F.3d 1054, 1056 (D.C. Cir. 1998), *cert. denied*, 525 U.S. 1067 (1999).  Defendant knew or reasonably should have known of these issues in time to raise them on direct appeal and he has failed to show cause for his failure to do so.  Moreover, since defendant has not demonstrated cause, the Court need not address whether he suffered prejudice. *See United States v. Frady*, 456 U.S. 152, 168 (1982)(holding that failure to show prejudice

---

[1] The Court has denied the government's motion to dismiss based on the statute of limitations.

mooted evaluation of cause).

A procedural default of a § 2255 motion can only be overcome by a showing of "actual innocence," that is, factual innocence of the charges that formed the basis of defendant's conviction. *See Bousley*, 523 U.S. at 623-24. Defendant alleges that he was falsely convicted due to a conspiracy among the judge, the prosecutor, and police officers. However, defendant has not produced any evidence to support this allegation. He has failed to meet the actual innocence standard.

Since defendant's claims have either been already adjudicated on direct appeal or he has procedurally defaulted on the remaining claims, the § 2255 motion filed in 1997 will be denied.

Defendant also filed motions for collateral relief and supplemental memoranda raising new claims on October 18, 1999 and supplemental memoranda in 2001, 2002 and 2003. The statute of limitations requires that a 28 U.S.C. § 2255 motion be filed one year from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(1). The one-year period begins to run when the time for seeking review in the United States Supreme Court has expired. *Clay v. United States*, 537 U.S. 522, 532 (2003). The United States Court of Appeals for the District of Columbia Circuit denied defendant's petition for rehearing in his direct appeal on September 10, 1996. Defendant's due date for filing a petition for writ of habeas corpus in the Supreme Court was December 10, 1996. *See* Sup. Ct. R. 13.1 (certiorari petition due within 90 days of entry of judgment by appellate court). Therefore, these more recent motions are untimely and barred by the statute of limitations. A separate order accompanies this

Memorandum Opinion.

                                                                                _____

                                                                                THOMAS F. HOGAN  
                                                                                Chief Judge

DATE: August 5, 2005

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff/Respondent,** | ) |
| | ) |
| v. | ) **Criminal Action No. 90-143 (TFH)** |
| | ) |
| **BILLY RAY SMITH,** | ) |
| | ) |
| **Defendant/Movant.** | ) |

## FINAL JUDGMENT

In accordance with the Memorandum Opinion issued this 5th day of August, 2005,

it is **ORDERED** that defendant's 28 U.S.C. § 2255 motions [Dkt.# 62 & 78] are

**DENIED**.

This is a final appealable order. *See* Fed. R. App. P. 4(a).

_____
THOMAS F. HOGAN
Chief Judge