UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                               )
UNITED STATES OF AMERICA,       )
                               )
          v.                    )  Criminal Action No. 90-143 (RWR)
                               )
BILLY RAY SMITH,                )
                               )
          Defendant.            )
_____)

<u>**MEMORANDUM OPINION**</u>

Defendant Billy Ray Smith has filed pro se two motions under 28 U.S.C. § 2255 to vacate the sentence imposed upon him for his supervised release violation, alleging that he is actually innocent and that the court lacked jurisdiction to impose that sentence. The government opposes Smith's motions, arguing that Smith's claims are procedurally defaulted because he failed to raise them on direct appeal. Because Smith did not file a direct appeal of his sentence and has not demonstrated cause and actual prejudice to overcome procedural default, nor has he provided a jurisdictional challenge with any merit or facts to support his claim of actual innocence, his motions will be denied.

<u>BACKGROUND</u>

In 1990, a jury found Smith guilty of distribution of cocaine base. Judge Hogan sentenced Smith to 240 months of incarceration followed by three years of supervised release.

Smith filed a timely notice of appeal, and the D.C. Circuit affirmed Smith's conviction.  United States v. Smith, No. 92-3055, 1996 WL 397489, at *1 (D.C. Cir. July 5, 1996).

Smith's term of supervised release began in January of 2013.  See 5/8/14 Report & Recommendation ("R&R"), ECF No. 144 at 1.  In July of 2013, the Probation Office filed a petition alleging that Smith violated the condition of his supervised release that he not commit another crime.  See 7/1/13 Prob. Pet., ECF No. 129 at 1.  He had been arrested in June of 2013 and charged with possession with intent to distribute cocaine and possession of marijuana.  See id. at 1.  A District of Columbia Superior Court jury found Smith guilty of both charges. See 4/2/14 Prob. Pet., ECF No. 143 at 1.  Smith later conceded that he violated his supervised release as alleged.  See R&R at 2.  On October 3, 2014, Smith's term of supervised release imposed by Judge Hogan was revoked and Smith was sentenced to 18 months in prison to be served consecutively to his Superior Court term of imprisonment.  See 10/10/14 J. & Commitment, ECF No. 149 at 2.

Smith filed two motions pro se on February 23, 2015 collaterally attacking the sentence imposed for his supervised release violation.  See 28 U.S.C. § 2255 Mot. for Release Order, ECF No. 151; Mot. under 28 U.S.C. § 2255 - Fed. Rules Civ. P. 15(d) to Void Judgment, Amend 2255 and Order Where Court Has New

-3-

Evidence and Not Replied or Returned a Filed Copy or Order to
D.A. ("Mot. to Void Judgment"), ECF No. 152.  In the first
motion,[1] Smith asserts that "he is innocent" and that the
judgment imposed on October 3, 2014 is "void for want of
jurisdiction."  Mot. for Release Order at 1.  The government
opposes Smith's motions and argues that his motion should be
summarily denied because Smith has procedurally defaulted on his
claims.  See Govt.'s Opp'n to Def.'s 28 U.S.C. § 2255 Motion for
Release Order & Mot. to Void Judgment under 28 U.S.C. § 2255 -
Fed. R. Civ. P. 15(d) to Void Judgment, Amend 2255 and Order
Where Court Has New Evidence and Not Replied or Returned a Filed
Copy of Order to D.A. ("Govt.'s Opp'n"), ECF No. 158 at 1.

---

[1] Smith's pro se filings are being construed liberally, as
they must be.  See, e.g., Williams v. Gonzales, 567 F. Supp. 2d
148, 149 (D.D.C. 2008) ("The Court is not bound by a pro se
litigant's characterization of his cause of action.  Rather a
court must determine the proper characterization of a filing by
the nature of the relief sought[.]"); Abdelfattah v. U.S. Dep't
of Homeland Sec., 787 F.3d 524, 533 (D.C. Cir. 2015) ("A
document filed pro se is to be liberally construed, . . . and a
pro se complaint, however inartfully pleaded, must be held to
less stringent standards than formal pleadings drafted by
lawyers." (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007))).
But Smith's second motion is indecipherable.  Smith begins by
referring to Yaser Hamdi, the criminal case of Dzhokhar
Tsarnaev, and the Ku Klux Klan, and ends with vague references
to George H.W. Bush.  See Mot. to Void Judgment at 1.  Because
Smith's second motion does not provide any facts that appear
relevant to, let alone add support for, § 2255 relief, the
second motion will be denied.

DISCUSSION

In a § 2255 motion, a petitioner can move the sentencing court to "vacate, set aside or correct the sentence" if "the sentence was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  A prisoner asserting a § 2255 collateral challenge, "in order to gain relief under any claim, is obliged to show a good deal more than would be sufficient on a direct appeal from his sentence.  Section 2255 is not a substitute for a direct appeal."  United States v. Pollard, 959 F.2d 1011, 1020 (D.C. Cir. 1992) (citing United States v. Frady, 456 U.S. 152, 165 (1982)).  Where a prisoner files a habeas petition that raises a claim that is "neither jurisdictional nor constitutional" and involves neither a "fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure[,]" such a case "does not present 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'"  Hill v. United States, 368 U.S. 424, 428 (1962) (quoting Bowen v. Johnston, 306 U.S. 19, 27 (1939)).  The burden lies on the petitioner to prove the

violation by a preponderance of the evidence.  United States v. Simpson, 475 F.2d 934, 935 (D.C. Cir. 1973).

A prisoner may not raise claims collaterally attacking his sentence for the first time in a § 2255 motion; the prisoner must first raise his claims on direct appeal.  The Supreme Court explained the justification for such a rule as follows:

> Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum.  Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post-conviction collateral attacks.  To the contrary, a final judgment commands respect.  For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal.

United States v. Frady, 456 U.S. 152, 164-65 (1982) (citations omitted).  Failure to raise claims on direct appeal may result in procedural default where the prisoner fails to show cause for the failure to raise those arguments on direct appeal, or show actual prejudice from errors of which the prisoner complains.  See, e.g., United States v. Pettigrew, 346 F.3d 1139, 1144 (D.C. Cir. 2003) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually

innocent." (quoting Bousley v. United States, 523 U.S. 614, 622
(1998)) (internal quotation marks omitted)).

To demonstrate actual prejudice, the petitioner must show
"not merely that the errors at his [underlying proceeding]
created a possibility of prejudice, but that they worked to his
actual and substantial disadvantage, infecting his entire
[proceeding] with error of constitutional dimensions."
Pettigrew, 346 F.3d at 1144 (quoting Frady, 456 U.S. at 170).  A
petitioner "must at least demonstrate that 'there is a
reasonable probability that, but for [the errors], the result of
the proceeding would have been different.'"  Id. (quoting United
States v. Dale, 140 F.3d 1054, 1056 n.3 (D.C. Cir. 1998)).  This
"'showing of prejudice' required to overcome procedural default
on collateral review 'is significantly greater than that
necessary' to establish plain error on direct review."  Id.
(quoting Murray v. Carrier, 477 U.S. 478, 493-94 (1986)).  On
collateral review, the petitioner "'bears the burden of
persuasion' in showing that the 'error . . . affected the
outcome of the district court proceedings.'"  Id. at 1144-1145
(quoting United States v. Olano, 507 U.S. 725, 734 (1993)).  A
petitioner may demonstrate cause for failure to raise a claim on
direct appeal where a claim "is so novel that its legal basis is
not reasonably available to counsel."  Bousley v. United States,
523 U.S. 614, 622 (1998) (quoting Reed v. Ross, 468 U.S. 1, 16

(1984)) (internal quotation marks omitted).  Finally, a petitioner may demonstrate actual innocence by showing that "in light of all the evidence, it is more likely than not" that no reasonable fact finder would have found the charged misconduct to have been proven.  Id. at 623 (citing Schlup v. Delo, 513 U.S. 298, 327-328 (1995)) (internal quotations marks omitted).

"A district judge must grant a prompt hearing under § 2255 unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Pollard, 959 F.2d at 1030 (quoting 28 U.S.C. § 2255).  However, "[a] judge need not conduct an evidentiary hearing before denying a petition for relief under § 2255 when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  United States v. Morrison, 98 F.3d 619, 625 (D.C. Cir. 1996) (quoting 28 U.S.C. § 2255) (noting that it is within the court's discretion whether to hold a hearing when it is the same court that presided over the petitioner's criminal proceedings).

Smith's claims will be resolved without an evidentiary hearing.  The undersigned presided over the probation violation and sentencing proceedings in the district court.  Familiarity with the facts and issues at sentencing and available pleadings provide the information necessary to resolve Smith's motion.  As

is discussed below, the pleadings and record establish conclusively that Smith is not entitled to the relief he seeks.

Smith did not file an appeal of his October 3, 2014 sentence, even though Smith received notice of his right to appeal his sentence.  <u>See</u> 10/10/14 J. & Commitment at 3.  The claims that Smith raises in the instant motions are raised on collateral review for the first time.  In order to avoid procedural default, Smith must demonstrate cause and actual prejudice, or actual innocence.

Smith's two motions do not demonstrate cause or actual prejudice.  Smith does not base his claims on any new legal authorities that would have been unavailable to him at the time he could have filed a timely appeal.  Indeed, the case law he cites, albeit unrelated to the legal issues present in his § 2255 motion, date back to 1978.  <u>See</u> Mot. for Release Order at 1 (citing <u>Michigan v. Doran</u>, 439 U.S. 282 (1978)).  Moreover, Smith has alleged no facts to show actual prejudice, or that the errors he alleges placed him at an "actual and substantial disadvantage" and that the alleged errors "affected the outcome of the district court proceedings."  <u>Pettigrew</u>, 346 F.3d at 1144-45.  From what can be deciphered from Smith's motion, the only errors that Smith alleges is that the district court lacked jurisdiction and that he was deprived of notice and the right to a fair hearing.  Mot. for Release Order at 1.

Smith's challenge to the jurisdiction of the court, in essence, is that the federal district court lacked jurisdiction to sentence him for violations of his supervised release conditions and that the D.C. Superior Court retained exclusive jurisdiction over the crimes that he committed.  Id. at 1 ("[There is a] Due Process of law violation where there is no notice and no hearing and no such thing as a[] Federal Crime of concurrent Jurisdiction under the Sixth Amendment."); see also Reply to Govt.'s Opp'n ("Reply"), ECF No. 159 at 2.

Smith's challenge to the court's jurisdiction is without merit.  Smith was convicted of a federal crime in June 1990, and his sentence included a term of three years of supervised release.  Federal courts retain jurisdiction over cases involving violations of conditions of supervised release.  See 18 U.S.C. § 3583(e); United States v. Raheman-Fazal, 130 Fed. App'x. 485, 486 (1st Cir. May 11, 2005).  The federal district court possessed jurisdiction to sentence Smith following violations of his supervised release terms.

Furthermore, Smith has presented no evidence that he was deprived of notice or the right to a fair hearing.  After the Probation Office filed a petition informing the court of Smith's supervised release violations, Smith appeared before the magistrate judge in a preliminary revocation hearing on February 29, 2014.  Smith was later convicted by a D.C. Superior

Court jury of possession with intent to distribute cocaine and
possession of marijuana.  Following Smith's conviction, the
magistrate judge held a hearing at which Smith conceded that he
violated his supervised release term by committing the offenses
for which he was convicted in D.C. Superior Court.  R&R at 3.
The magistrate judge issued a report reflecting Smith's
concession, and recommended that Smith's term of supervised
release be revoked.  R&R at 3.  Smith filed no objection to the
report or recommendation.  At the final hearing on October 3,
2014, the undersigned sentenced Smith to 18 months of
incarceration, with no additional term of supervised release.
Smith did not appeal this sentence.  There is nothing in the
record to support Smith's claim that he was deprived of his due
process rights to notice and a fair hearing.  The record shows
that Smith was afforded adequate notice and the right to a fair
hearing.  Smith's claim to the contrary is without basis.

Smith also provides no factual evidence to support his
claim of actual innocence.  See Mot. for Release Order at 1.  He
provides no evidence to challenge the validity of his conviction
by a Superior Court jury for the D.C. Code drug possession
charges.  He does not allege any facts that contradict the
court's finding that he concededly violated the terms and
conditions of his supervised release.  Courts may deny wholly
conclusory claims and claims entirely unsupported by facts.

See, e.g., Sanders v. United States, 373 U.S. 1, 19 (1963)
("Petitioner's first motion under § 2255 was denied because it
stated only bald legal conclusions with no supporting factual
allegations.  The court had the power to deny the motion on this
ground[.]"); United States v. Smith, No. 97-3121, 1998 WL
939501, at *2 (D.C. Cir. Dec. 14, 1998) (affirming denial of
§ 2255 motion by district court where petitioner alleged
"virtually no facts."); United States v. Geraldo, 523 F. Supp.
2d 14, 22 (D.D.C. 2007) ("[C]onclusory arguments may be
summarily dismissed by the Court.").  Smith's claim of actual
innocence is without merit and cannot serve as a basis to
collaterally attack his sentence.

When the district court enters a final order resolving a
petition under 28 U.S.C. § 2255 that is adverse to the
petitioner, it must either issue or deny a certificate of
appealability.  Rules Governing Section 2255 Proceedings for the
United States District Courts, Rule 11(a).  By statute, "[a]
certificate of appealability may issue . . . only if the
applicant has made a substantial showing of the denial of a
constitutional right."  28 U.S.C. § 2253(c)(2).  Such a showing
demands that Smith demonstrate that "reasonable jurists could
debate whether . . . the petition should have been resolved in a
different manner or that the issues presented were 'adequate to
deserve encouragement to proceed further.'"  Slack v. McDaniel,

529 U.S. 473, 484 (2000) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).  For the reasons set forth above, Smith has failed to make that showing in this case, and, accordingly, no certificate of appealability shall be issued. To the extent Smith intends to file an appeal, he must seek a certificate of appealability from the United States Court of Appeals for the District of Columbia Circuit in accordance with Federal Rule of Appellate Procedure 22(b).

<u>CONCLUSION</u>

Smith fails to demonstrate cause and actual prejudice in order to avoid procedural default on his § 2255 claims. Furthermore, Smith fails to provide factual support for his claim of actual innocence, and his jurisdictional challenge lacks merit.  Therefore, Smith's § 2255 motions will be denied. A separate Order accompanies this Memorandum Opinion.

SIGNED this 5th day of October, 2015.

/s/
RICHARD W. ROBERTS
Chief Judge